UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDON ADAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EQUIFAX,<br><br>　　　　Defendant. | Case No. 2:23-cv-00506-APG-EJY<br><br>**ORDER and**<br>**REPORT AND RECOMMENDATION**<br><br>**Re: ECF Nos. 1-1, 6** |

Pending before the Court are Plaintiff's Complaint and application to proceed *in forma pauperis* ("IFP"). ECF Nos. 1-1, 6. Plaintiff's IFP application is complete and granted below.

**I.     SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). The court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

All or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   DISCUSSION

Plaintiff's Complaint identifies credit reporting agency Equifax as the only Defendant in this action. ECF No. 1-1 at 1. Plaintiff claims federal question as the basis for jurisdiction and thereafter lists federal statutes, constitutional provisions, federal case law, and the phrase "Hard Credit Inquires with NO CONSENT." *Id.* at 3 (emphasis in original). As his statement of a claim, Plaintiff asserts there were hard credit inquiries without consent and a "FRAUDULENT REPOSSESSION." *Id.* at 4 (emphasis in original). Plaintiff refers the Court to "documents and Affidavits" attached to his Complaint. *Id.* Plaintiff's requested relief includes removal of his 2013 Infiniti G37 from his credit report and a "hard inquiry" by the Clark County District Attorney into all student loan debt companies with whom he had dealings. *Id.* The attachments to Plaintiff's Complaint include a form 1099-C, several news articles, a submission to Equifax concerning a disputed item on a credit report, an automated response from Equifax, and an affidavit with the caption for a case other than the instant case before this Court. ECF No. 1-2.

Plaintiff's Complaint fails to state a decipherable cause of action upon which relief may be granted. Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) further requires "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The purpose of Rule 8 is to enable the Court to determine whether the plaintiff has stated "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal citation omitted). A plausible claim for relief must contain sufficient factual allegations (i.e., names, dates, and facts) and legal conclusions (i.e., specific laws defendants allegedly violated) that create a reasonable inference of liability. *Id.* at 678-79. A liberal construction of a complaint filed *pro se* may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. National Credit Union Admin.*,

12 F.3d 1251, 1257 (9th Cir. 1997), *quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's Complaint does not comply with the requirements of Rule 8. There are a variety of causes of action available to civil plaintiffs that may arise from a host of different violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* However, nowhere in his Complaint does Plaintiff reference a provision of the FCRA under which he seeks relief. Further, Plaintiff does not supply any facts describing what violation of the FCRA Equifax has purportedly committed against him. Although the Court liberally construes complaints filed by *pro se* plaintiffs, there is not enough information provided to allow Equifax the chance to formulate an adequate response to Plaintiff's Complaint. The majority of the text in Plaintiff's Complaint and the content in his attachments do not advance any attempt at a legal claim and are simply garbled words and phrases. It is not the role of the Court to translate indecipherable text into a cognizable legal claim on Plaintiff's behalf.

Based on the foregoing, the Court recommends dismissal of Plaintiff's Complaint without prejudice and with leave to amend, as amendment is not necessarily futile.

**III.   ORDER**

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is GRANTED.

**IV.   RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff be given **one** additional opportunity to amend his Complaint.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to do so, he **must** file his amended complaint no later than **June 26, 2023**. The amended complaint must be titled "FIRST AMENDED COMPLAINT" and must allege all facts and all claims Plaintiff seeks to assert. The Court cannot refer back to Plaintiff's original Complaint when determining if the amended complaint states a claim.

3

IT IS FURTHER RECOMMENDED that Plaintiff's failure to comply with this Recommendation may result in a further recommendation to dismiss this action in its entirety.

DATED this 24th day of May, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).